IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN K. MAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:08-CV-695-WKW |
| | ) |
| DEUTSCHE BANK NATIONAL | ) |
| TRUST COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Remand (Doc. # 7), filed by Plaintiff Benjamin K. Mapp ("Mr. Mapp"). Defendant Deutsche Bank National Trust Company ("the Bank") submitted a Response (Doc. # 10). For the reasons set forth below, the court finds that the Motion to Remand (Doc. # 7) is due to be denied.

### I.  FACTS AND PROCEDURAL HISTORY

On or about July 21, 2008, Mr. Mapp filed this lawsuit in the Circuit Court of Chambers County, Alabama, against the Bank and GSPRM Loan Trust 2006-1 (collectively "Defendants"). Mr. Mapp alleges that Defendants negligently, wantonly and otherwise wrongfully foreclosed on his home, thereby causing unjust enrichment. (Compl. ¶¶ 25-39 (Notice Removal Ex. A Doc. # 1).) Mr. Mapp filed an *ex parte* petition in state court for a temporary restraining order, which was granted. (Compl. ¶¶ 40-42.) For each claim – negligence, wantonness, unjust enrichment and wrongful foreclosure – Mr. Mapp seeks punitive damages in an unspecified amount. (Compl. 6.)

The Bank timely removed the case on August 22, 2008,[1] basing federal jurisdiction upon 28 U.S.C. §§ 1441, 1442(a)(1), and 1446.[2] (Notice Removal.) Contesting the propriety of removal, Mr. Mapp filed the present Motion to Remand within thirty days of removal.

## II. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

---

[1] The Bank was served with the complaint on July 23, 2008, making August 22, 2008, the thirtieth, and final, day to remove the case under 28 U.S.C. § 1446(b). There are two defendants in this case, but only one of the defendants, the Bank, filed a notice of removal or response in opposition to remand. While removal must be unanimous as to all defendants, *see Chicago, R.I. & P.R. Co. v. Martin,* 178 U.S. 245, 248 (1900), "the district court must wait for a party's motion before remanding a case based on procedural defect," *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). Because Mr. Mapp did not challenge removal on this ground within thirty days, any valid objection to removal based on a procedural defect is waived, 28 U.S.C. § 1447(c), and the court considers the Motion to Remand (Doc. # 7) only upon Mr. Mapp's other grounds for lack of federal jurisdiction.

[2] Although the Bank does not refer to 28 U.S.C. § 1332, it is apparent from its reference to diversity of citizenship and its assertion that more than $75,000 is in controversy that the Bank predicates subject matter jurisdiction on § 1332 as well.

### III. DISCUSSION

As grounds for his Motion to Remand, Mr. Mapp challenges the propriety of the removal on four grounds, asserting that (1) his complaint should be treated as a counterclaim, (2) the state court's assumption of jurisdiction over the previous *in rem* action precludes removal, (3) the Bank has waived its right of removal by filing a Notice of Appearance in state court before removing the case, and (4) the jurisdictional amount in controversy requirement is not met. Each of the first three grounds will be addressed briefly, followed by an analysis of diversity jurisdiction.

A.  <u>Complaint as Counterclaim, State *In Rem* Jurisdiction, and Waiver of Right to Remove</u>

Mr. Mapp contends that his complaint should be treated as a counterclaim to the Bank's non-judicial foreclosure proceedings. (Mot. Remand 4-5.) The court disagrees.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; *see also* Fed. R. Civ. P. 8(a), *Black's Law Dictionary* (8th ed. 2004) (defining a complaint as "the initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief"). It was Mr. Mapp who filed an initial pleading to begin this action and to claim otherwise is to disregard the fact that the Bank sought *non-judicial* foreclosure, which is legal in Alabama, Ala. Code § 7-9A-607(b) (1975). Mr. Mapp has cited no authority to support a conclusion otherwise, and, therefore, his assertion that his complaint is actually a counterclaim is unfounded.

3

Mr. Mapp asserts that the state court's assumption of jurisdiction in this case prevents removal. (Mot. Remand 5-6, 9-10.)  Mr. Mapp's reliance upon *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456 (1939), however, is misplaced.  In that case, the Court addressed the propriety of federal jurisdiction when there was an ongoing state court proceeding.  In *Princess Lida*, there were two separate cases, one state and one federal, but in the present case, upon the Bank's Notice of Removal, the state court proceedings are now before this court for a determination regarding federal diversity jurisdiction. Thus, there are not two overlapping proceedings, and *Princess Lida* is inapplicable.  *See Barr v. Hagan,* 322 F. Supp. 2d 1280, 1282 (M.D. Ala. 2004) (finding that the "*Princess Lida* rule" did not require remand of a removed case because there was only one case).

Mr. Mapp also argues that the Bank, by appearing at a preliminary injunction hearing and filing a Notice of Appearance, consented to state court jurisdiction, thereby waiving its right to remove the case to federal court.  (Mot. Remand 4-5.)  In *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414 (M.D. Ala. 1999), the court found that "[i]n order to find that a defendant waived its right to remove, a court must find that the defendant clearly and unequivocally intended to waive the right . . . ." *Id.* at 416 (citing *Regis Assocs. v. Rank Hotels Ltd.,* 894 F.2d 193, 195 (6th Cir. 1990)); *see also Fain v. Biltmore Secs., Inc.*, 166 F.R.D. 39, 40 (M.D. Ala. 1996) ("'[T]he right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" (citation omitted)).  There is no evidence of a clear or unequivocal waiver by the Bank.  Moreover, the Bank's appearance

4

at the preliminary injunction hearing was an attempt to maintain the status quo, not to litigate the merits of the case, a circumstance which voids the argument that the Bank consented to jurisdiction.

B.   Diversity Jurisdiction

Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. §§ 1332(a)-1332(b).  Mr. Mapp argues that the Bank fails to show that the amount in controversy requirement is met.  (Mot. Remand 11.)  There is no dispute that § 1332(a)(1)'s diversity of citizen requirement is met.

The issue at this stage is the propriety of the removal.  A defendant may base removal jurisdiction either (1) on "an initial pleading" or (2) at a later time, on "'an amended pleading, motion, order or other paper.'"  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)), *cert. denied*, 128 S. Ct. 2877 (2008).  In the second scenario, the amended pleading, motion or other paper must have been "received" by the defendant from the plaintiff.  *Id.* at 1213 & n.63.

If a plaintiff's challenge to a diversity-based removal is timely, the court is limited to reviewing "only evidence available when the motion is remand is filed – *i.e.*, the notice of removal and accompanying documents."  *Id.* at 1214.  Therefore, the court is strictly tied to the Notice of Removal and its accompanying documents when examining its jurisdiction. "[N]either the defendants nor the court may speculate in an attempt to make up for the

5

notice's failings," *id.* at 1214-15, and unless the jurisdictional amount "is either stated clearly on the face of the [removal] documents before the court, or readily deducible from them," *id.* at 1211, the case must be remanded.

Here, the Bank removed this action on the basis of the initial complaint. The Bank's Notice of Removal is accompanied by the complaint and several filings from the state court. The court, therefore, can consider only the complaint and these attached documents in determining the propriety of removal.

As stated, only § 1332(a)'s amount in controversy requirement is at issue. The Bank asserts that the market value of the house at issue is the proper measure of the amount in controversy (Notice Removal ¶ 2; Opp'n to Summ. J. 4), while Mr. Mapp contends that the amount in controversy is not met. Mr. Mapp says that the proper measure of the amount in controversy is "the amount of equity in the home," which is less than $75,000, and Mr. Mapp instructs the court to "*See* Exhibit 'B'," (Mot. Remand 17),[3] but fails to cite case law supporting his theory.

In *Siewak v. AmSouth Bank*, No. 8:08-CV-927-T-24EAJ, 2006 WL 3391222 (M.D. Fla. Nov. 22, 2006), the court discussed the measure of the amount in controversy where plaintiffs seek to avoid enforcement of a judgment lien against their property. The court found that the proper measure of the amount in controversy was the subject property's market

---

[3] This Exhibit, along with the other exhibits to which Mr. Mapp refers throughout his Motion to Remand, are nowhere to be found in the record and, therefore, are not before the court for consideration. Nevertheless, as discussed *infra*, the evidence that is in the record, as provided by the Bank, is sufficient for the court to conclude that the amount in controversy exceeds $75,000.

6

value, because this measured the object of the litigation from the plaintiff's viewpoint.  *Id.* at *3-5.

Although Mr. Mapp's complaint does not contain a demand for a specific dollar amount, it requests that "Defendant be enjoined from continuing with its foreclosure sale." (Compl. 6.)  The removal documents, including the Note (Notice Removal 7) and Mortgage (Notice Removal 11), establish unambiguously that the value of the house is at least $120,500.  Applying *Siewack*, which the court finds instructive, $120,500 is the amount in controversy.

Mr. Mapp's argument regarding the home's equity as a measure of the amount in controversy is unavailing.  He cites no authority for his position, and there is authority to the contrary.  If the home is sold at foreclosure, it will be sold for its value, not its equity.  *See, e.g., Frontera Transp. Co. v. Abaunza*, 271 F. 199, 200 (5th Cir. 1921) ("[T]he value of the lands, not the amount required to redeem, is the amount in controversy.").  Mr. Mapp seeks to prevent the foreclosure sale on his home, and the value of that home, as demonstrated by the documents before the court, exceeds the jurisdictional minimum of $75,000.  Accordingly, the court finds that it properly exercises diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Mr. Mapp's Motion to Remand (Doc. # 7) is DENIED.

DONE this 18th day of February, 2009.

                                       /s/   W.  Keith Watkins
                                     UNITED STATES DISTRICT JUDGE